1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8

9  | JAMES SIMS,                           CASE NO. 1:05-cv-01523-LJO-DLB (PC)

10 |                    Plaintiff,

11 |        v.                            FINDINGS AND RECOMMENDATION TO
                                          DENY IN PART AND TO GRANT IN PART
                                          DEFENDANTS' MOTION TO DISMISS

12 | J. WOODFORD, et al.,
                                          (Docs. 28, 36)
13 |                    Defendants.
    | _____/

14

15 | I.      Order

16 |         A.      Procedural History

17 |         Plaintiff James Sims, ("plaintiff") is a state prisoner proceeding pro se and in forma

18 | pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

19 | plaintiff's amended complaint, filed November 17, 2006, against defendants Woodford,

20 | Mendoza-Powers, Griffith, Cotta, Guinn, Lawhorn, Arnold and Escobar ("defendants") for

21 | violation of his due process rights, based on defendants alleged wrongful classification as a sex

22 | offender which resulted in prohibiting plaintiff's family visitation and transfer to a lower security

23 | facility.  On March 26, 2007, defendants Woodford, Arnold, Escobar, Guinn, and Mendoza-

24 | Powers filed a motion to dismiss for failure to state a claim Fed. R. Civ. P. 12(b)(6).  Opposition

25 | documents were filed.  Defendants Griffith, Cotta, and Lawhorn have not joined in the present

26 | motion.  The motion has been deemed submitted.  Local Rule 78-230(m).

27 |         B.      Plaintiff's Complaint

28 |         In his complaint, plaintiff alleges that his due process rights were violated when he was

1

errantly classified as a convicted sex offender which resulted in prohibiting plaintiff from family

visitation and transfer to a lower security facility.  Despite various appeal efforts by plaintiff, his

classification was not corrected.  Plaintiff has subsequently been released from custody.

C.     Motion to Dismiss for Failure to State a Claim

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California

Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for

failure to state a claim, the Court must accept as true the allegations of the complaint in question,

Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in

the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's

favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The federal

system is one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126

(2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.

Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under

any set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and

summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of

unmeritorious claims." Id. at 512.  "'The issue is not whether a plaintiff will ultimately prevail

but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear

on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"

Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232,

236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin,

262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not

be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the

1  claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)

2  (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log

3  Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

4          Under the Prison Litigation Reform Act ("PLRA") the Court has a statutory duty to

5  screen complaints in cases such as this and dismiss any claims that fail to state a claim upon

6  which relief may be granted.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.  Given the

7  requirements of the PLRA, the Court is disinclined to view with favor a subsequent motion to

8  dismiss for failure to state a claim.  It has further been held that defendants' papers filed in

9  support of a motion to dismiss may demonstrate that they had fair notice of what the plaintiffs'

10 claims are and the grounds upon which they rest. See Leatherman v. Tarrant County Narcotice

11 Intell. and Coordination Unit, 507 U.S. 163, 168 (1993).  A motion to dismiss merely questions

12 the sufficiency of the pleadings to put the opposing party on notice of a plaintiff's claim(s).

13         In the instant case, the Court conducted a preliminary screening of the case on November

14 21, 2006 wherein it was determined that, per the notice pleading standards, plaintiff stated

15 cognizable claim(s) against the moving defendants.

16                  1.    Due Process

17         Defendants argue that plaintiff has failed to state cognizable claims for violation of his

18 rights to due process arguing that plaintiff cannot state a claim for a particular custody

19 designation and that family visitation and placement in a lower custody facility are not

20 constitutionally protected rights.  While it is true that an inmate has no right to placement in a

21 specific facility, inmates do have a fundamental liberty interest in companionship with immediate

22 family members which cannot be infringed upon without due process.

23                  a.    Fundamental Liberty Interest

24         "It is well established that a parent has a 'fundamental liberty interest' in 'the

25 companionship and society of his or her child' and that '[t]he state's interference with that liberty

26 interest without due process of law is remediable under [42 U.S.C. § ]1983.'  Kelson v. City of

27 Springfield 767 F.2d 651, 654-55 (9th Cir. 1985) (citing Santosky v. Kramer 455 U.S. 745, 753

28 (1982) '[T]his constitutional interest in familial companionship and society logically extends to

3

1   protect children from unwarranted state interference with their relationships with their parents.'

2   Smith v. City of Fontana 818 f.2d 1411, 1418 (9th Cir. 1987) overruled on other grounds by

3   Hodges-Durgin v. de la Vina 199 F.3d 1037 (9th Cir. 1999).  Moreover, 'the First Amendment

4   protects those relationships, including family relationships, that presuppose "deep attachments

5   and commitments to the necessarily few other individuals with whom one shares not only a

6   special community of thoughts, experiences, and beliefs but also distinctively personal aspects of

7   one's life."'  Board of Dir. v. Rotary Club 481 U.S. 537, 545 (1987) (quoting Roberts v. United

8   States Jaycees, 468 U.S. 609, 619-20 (1984); see also Conti v. City of Fremont, 919 F.2d 1385,

9   1388-1389 (9th Cir. 1990)."  Lee v. City of Los Angeles 250 F.3d 668, 685 (9th Cir. 2001).

10          Thus, plaintiff has a fundamental liberty interest in his relationship with his wife and

11  children that cannot be infringed on by the state without due process of law.  Plaintiff claims

12  defendants infringed on this liberty without due process, when they errantly classified him as a

13  convicted sex offender which resulted in prohibiting plaintiff from family visitation, and

14  thereafter failed to correct his classification despite evidence from the court to the contrary.

15  Thus, the first step in the analysis is met.

16                          b.    Establishment of the Right

17          The second step in the analysis is determination as to whether the right was clearly

18  established at the time the actions complained of took place.  The case law identifying and

19  establishing a parent's fundamental interest in the relationship with his wife and children dates

20  back to the early 1980's – approximately 20 years prior to the actions complained of by plaintiff.

21  Thus, it was a clearly established right at the time the defendants engaged in their allegedly

22  wrongful acts.

23                          c.    Reasonableness

24          While the first two areas of inquiry in the Saucier analysis are pure legal questions for the

25  court, see Trevino v. Gates, 99 F.3d 911, 917 (9th Cir. 1996); Washington v. Lambert, 98 F.3d

26  1181, 1192 (9th Cir. 1996); Stivers v. Pierce, 71 F.3d 1087, 1093 (9th Cir. 1995); ACT

27  UP!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir. 1993); the third area of inquiry (as to whether

28  a reasonable officer would have thought her or his conduct violated plaintiff's fundamental

                                              4

1  liberty interest in his relationship with his wife and children) requires a legal determination based

2  upon a prior factual finding as to the government official's conduct, see Neely v. Feinstein, 50

3  F.3d 1502, 1509 (9th Cir. 1995); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d

4  1278, 1285-86 (9th Cir. 1994); Romero v. Kitsap County, 931 F.2d 624, 628 (9th Cir. 1991).

5          As stated above, a motion to dismiss under Rule 12(b)(6) is not the proper vehicle for fact

6  finding/determination.  Swierkiewicz, 534 U.S. at 512.  A motion to dismiss merely questions the

7  sufficiency of the pleadings to put the opposing party on notice of a plaintiff's claim(s).  Thus,

8  the third area of inquiry cannot be properly addressed by the Court in this motion such that

9  defendants' motion to dismiss, as to plaintiff's due process claim(s) is denied.

10                        3.      Equal Protection

11         The Equal Protection Clause requires that persons who are similarly situated be treated

12  alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal

13  protection claim may be established in two ways.  First, a plaintiff establishes an equal protection

14  claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's

15  membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th

16  Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants'

17  actions were a result of the plaintiff's membership in a suspect class, such as race.  Thornton v.

18  City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

19         If the action in question does not involve a suspect classification, a plaintiff may establish

20  an equal protection claim by showing that similarly situated individuals were intentionally treated

21  differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook

22  v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1

23  (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004);

24  SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal

25  protection claim under this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an

26  identifiable class; (2) the plaintiff was intentionally treated differently from others similarly

27  situated; and (3) there is no rational basis for the difference in treatment. Village of

28  Willowbrook, 528 U.S. at 564.  If an equal protection claim is based upon the defendant's

1  selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement

2  is based upon an "impermissible motive." Squaw Valley,  375 F.3d at 944; Freeman v. City of

3  Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

4        Plaintiff was given the applicable standards for making a claim for violation of his rights

5  to equal protection under the constitution in this court's screening order, filed September 13,

6  2006.  However, plaintiff's amended complaint failed to allege that he was a member of an

7  identifiable class, that he was intentionally treated differently from others similarly situated and

8  that there was no rational basis for the different treatment he received.  Therefore, defendant's

9  motion to dismiss as to plaintiff's claims for violation of his constitutional rights to equal

10  protection is granted without leave to amend.

11        3.    Failure to Protect/Safety

12        "Prison officials have a duty to take reasonable steps to protect inmates from physical

13  abuse." Hoptowit v. Ray 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also Farmer v. Brennan

14  511 U.S. 825, 833 (1994).

15        To establish a violation of this duty, the prisoner must establish that prison officials were

16  "deliberately indifferent" to serious threats to the inmate's safety.  See Farmer, 511 U.S. at 834.

17  To demonstrate that a prison official was deliberately indifferent to a serious threat to the

18  inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an

19  excessive risk to inmate ... safety; the official must both be aware of facts from which the

20  inference could be drawn that a substantial risk of serious harm exists, and [the official] must

21  also draw the inference." Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310,

22  1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on

23  circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish

24  knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

25        The Ninth Circuit has held that placing a pre-operative transsexual, who acts and dresses

26  effeminately, in the prison's general population evidenced of deliberate indifference to an

27  inmate's safety.  Farmer, 511 U.S. at 848-49; cf. Redman v. County of San Diego, 942 F.2 1435,

28  1444-45 (9th Cir. 1991)(en banc)(concluding that placing a young pre-trial detainee in a cell with

6

1  a known aggressive sexual offender was deliberate indifference to the detainee's safety).

2  Allegations that a defendant placed an "R-suffix" (indicating inmate is a sexual offender) in an

3  inmate's file, knowing that the inmate would be stabbed if he was subsequently placed into the

4  general population are sufficient to show that the defendant had knowledge of a risk to plaintiff's

5  safety.  See Knight v. Runnels No. CIV S-07-0751-FCD-CMK-P (E.D. Cal. Filed Aug. 20,

6  2007).  The Ninth Circuit has also held that allegations that prison officials called a prisoner a

7  "snitch" in the presence of other inmates were sufficient to state a claim of deliberate

8  indifference to an inmate's safety.  See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th

9  Cir. 1989).  But see Morgan v. MacDonald 41 F.3d 1291, 1293-94 (9th Cir. 1994)(rejecting

10  Eighth Amendment claim where prisoner who had been labeled a snitch had not been retaliated

11  against).

12      Construing the pleadings in a light most favorable to plaintiff, his allegations that

13  defendants errantly classified him as a convicted sex offender, and failed to remove that

14  classification subsequent to correspondence from the court to the contrary, particularly in light of

15  Knight v. Runnels, satisfies Rule 8(a)'s pleading requirements.  Thus, the court denies

16  defendants' motion to dismiss for failure to state a cognizable claim for acting in a manner that

17  was "deliberately indifferent" to serious threats to plaintiff's safety.

18              4.    Linkage Requirement

19      Plaintiff was advised in the court's screening order, filed September 13, 2006, that the

20  Civil Rights Act under which this action was filed provides:

21          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
22          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
23          law, suit in equity, or other proper proceeding for redress.

24  42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

25  Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

26  (internal quotations omitted.)  Section 1983 plainly requires that there be an actual connection or

27  link between the actions of the defendants and the deprivation alleged to have been suffered by

28  plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode,

423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff's amended complaint fails to state any factual allegations against Arnold and Woodford. Thus, plaintiff has failed to connect Arnold and Woodford to any of the deprivations plaintiff allegedly suffered. Therefore, defendants' motion to dismiss as to Arnold and Woodford is granted without leave to amend.

D.    Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that this motion to dismiss be denied in part and granted in part as follows:

(1)    denied as to plaintiff's claims for violations of his rights to due process;

(2)    granted without leave to amend as to plaintiff's claims for violation of his right to equal protection;

(3)    denied as to plaintiff's claims for failure to protect/provide for his safety; and

(4)    granted without leave to amend for plaintiff's failure to comply with Rule 8(a)'s pleading standards as to defendants Arnold and Woodford.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

8

within the specified time may waive the right to appeal the District Court's order.  Martinez v.

Ylst, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

     **Dated:**   **March 7, 2008**         **/s/ Dennis L. Beck**

                                     UNITED STATES MAGISTRATE JUDGE