IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. SIMS, | CASE NO. CV-F-05-1523 LJO DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS COTTA, LAWHORN AND GRIFFITH SHOULD NOT BE DISMISSED |
| vs. | |
| MENDOZA-POWERS, et al., | (Docs. 25, 26, 27) |
| Defendants. | |

Plaintiff James H. Sims ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed on November 17, 2006. (Doc. 18). On November 22, 2006, the court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for each defendant to be served. (Doc. 19.) Plaintiff submitted the required documents on December 27, 2006, and on January 26, 2007, the court directed the United States Marshal to initiate service on eight defendants. (Doc. 22.) Five of the defendants subsequently made an appearance in this action. (Doc. 28.) However, the Marshal was unable to locate and serve defendants Cotta, Lawhorn, and Griffith and on March 15, 2007, the Marshal returned the USM-285 forms to the court. (Docs. 25, 26, 27.)

///

///

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

///

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the addresses provided by plaintiff for defendants Cotta and Lawhorn are no longer accurate, as the defendants have retired and there is no forwarding addresses available. (Docs. 25, 26.) Further, it appears that defendant Griffith is now deceased. (Doc. 27). If plaintiff is unable to provide the Marshal with the current addresses at which defendants Cotta and Lawhorn can be located, these defendants shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the court will provide plaintiff with the opportunity to show cause why defendants Cotta, Lawhorn, and Griffith should not be dismissed from the action at this time.

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, plaintiff shall show cause why defendants Cotta, Lawhorn and Griffith should not be dismissed from this action; and,

2. The failure to respond to this order or the failure to show cause will result in a recommendation that defendant Cotta, Lawhorn and Griffith be dismissed from this action.

IT IS SO ORDERED.

Dated:   **May 1, 2008**               /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE