IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. SIMS,<br><br>                    Plaintiff,<br><br>     vs.<br><br>JEANNE WOODFORD, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:05-cv-01523 LJO DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT **GRIFFITH** FROM ACTION, WITHOUT PREJUDICE<br><br>(Doc. 50) |

Plaintiff James H. Sims ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed on November 17, 2006. (Doc. 18). On November 22, 2006, the court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for each defendant to be served. (Doc. 19.) Plaintiff submitted the required documents on December 27, 2006, and on January 26, 2007, the court directed the United States Marshal to initiate service on eight defendants. (Doc. 22.) Five of the defendants subsequently made an appearance in this action. (Doc. 28.) However, the Marshal was unable to locate and serve defendants Cotta, Lawhorn, and Griffith and on March 15, 2007, the Marshal returned the USM-285 forms to the court. (Docs. 25, 26, 27.) On May 1, 2008, the court ordered plaintiff to show cause within thirty days why defendants Cotta, Lawhorn and Griffith should not be dismissed from this action. (Doc.

50.) Plaintiff filed a response on June 2, 2008, and defendants Woodford, Mendoza-Powers, Gunn, Arnold and Escobar ("Defendants") filed a reply on June 13, 2008.

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the addresses provided by plaintiff for defendants Cotta and Lawhorn are no longer accurate, as the defendants have retired and there is no forwarding addresses available.[1] (Docs. 25, 26.) Further, it appears that defendant Griffith is now deceased. (Doc. 27).

///
///
///

---

[1] By separate order, the Court shall direct the United States Marshal to re-attempt service on defendants C A. Lawhorn and L. Cotta.

1  Plaintiff indicates that he has no objection to the dismissal of defendant Griffith from this action
2  if he is deceased. Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), it is HEREBY
3  RECOMMENDED that defendant Griffith be dismissed from this action, without prejudice.

4  These Findings and Recommendations will be submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days**
6  after being served with these Findings and Recommendations, the parties may file written objections
7  with the court. The document should be captioned "Objections to Magistrate Judge's Findings and
8  Recommendations." The parties are advised that failure to file objections within the specified time may
9  waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  IT IS SO ORDERED.

11  **Dated:   November 7, 2008**                    /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE