# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. SIMS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-01523 LJO DLB PC<br><br>ORDER RE ORDER TO SHOW CAUSE<br>(Doc. 48)<br><br>ORDER DIRECTING UNITED STATES MARSHAL TO RE-ATTEMPT SERVICE ON DEFENDANTS **C.A. LAWHORN** AND **L. COTTA** WITHOUT PREPAYMENT OF COSTS |

　　　　Plaintiff James H. Sims ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint, filed on November 17, 2006. (Doc. 18). On November 22, 2006, the court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for each defendant to be served. (Doc. 19.)  Plaintiff submitted the required documents on December 27, 2006, and on January 26, 2007, the court directed the United States Marshal to initiate service on eight defendants. (Doc. 22.) Five of the defendants subsequently made an appearance in this action. (Doc. 28.)  However, the Marshal was unable to locate and serve defendants Cotta, Lawhorn, and Griffith and on March 15, 2007, the Marshal returned the USM-285 forms to the court.  (Docs. 25, 26, 27.)  On May 1, 2008, the court ordered plaintiff to show cause within thirty days why defendants Cotta, Lawhorn and Griffith should not be dismissed from this action.  (Doc. 50.)  Plaintiff filed a response on June 2, 2008, and defendants Woodford, Mendoza-Powers, Gunn, Arnold and Escobar ("Defendants") filed

1

a reply on June 13, 2008.

The court and the Marshal have a statutory duty to service process on plaintiff's behalf, and the response given to the Marshal to date by the CDC is insufficient to allow the court to discharge this duty on the ground that defendants Cotta and Lawhorn cannot be located.[1]  28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c)(2).  For this reason, the court must direct the Marshal to re-attempt service on defendants L. Cotta and C. A. Lawhorn.  **If the institution is unable to locate these defendants, the Marshal shall contact the Legal Affairs Division and request the assistance of a special investigator.**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the following documents to the United States Marshal:

    (1) One completed and issued summons for each defendant to be served;

    (2) One completed USM-285 form for each defendant to be served;

    (3) One copy of the complaint filed on November 17, 2006 for each defendant to be served, plus an extra copy for the Marshal;

    (4) One copy of this order for each defendant to be served, plus an extra copy for the Marshal; and

    (5) One copy of the court's consent form for each defendant to be served;

2. Within ten days from the date of this order, the United States Marshal is directed to notify the following defendants of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

    **L. COTTA**

    **C. A. LAWHORN**

3. The U.S. Marshal is directed to retain the summons and a copy of the complaint in

---

[1] By separate order, this court shall issue a Findings and Recommendations recommending that defendant Griffith be dismissed from this action.  The summons returned unexecuted on March 15, 2007 indicates that defendant Griffith is deceased. (Doc. 27).

2

their file for future use.

4. The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

5. **In attempting to locate defendants, if the institution is unable to provide assistance, the Marshal shall contact the Legal Affairs Division in Sacramento and request the assistance of a special investigator.**

6. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

   a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

   b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendants, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendants. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendants in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7. In the event that defendants make an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve defendants.

///

8. In the event that defendants either waive service or are personally served, defendants are required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated:   **November 7, 2008**           **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE